UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KRISTEN E. SCHALLON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:14CV1601 RLW |
| ) | |
| TERRY RUSSELL, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Kristen E. Schallon Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus By a Person in State Custody (ECF No. 1 ("Motion")). Because this Court has determined that Schallon's claims are inadequate on their face and the record affirmatively refutes the factual assertions upon which Schallon's claims are based, this Court decides this matter without an evidentiary hearing.[1]

## BACKGROUND

A St. Louis County jury found Schallon guilty of thirteen counts of statutory sodomy, three counts of forcible rape, one count of first-degree statutory rape, twelve counts of second-degree statutory sodomy, and nine-counts of first-degree sexual misconduct.

---

[1] "A district court does not err in dismissing a movant's motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. U.S.*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. U.S.*, 341 F.3d 720, 722 (8th Cir. 2003)(citation and quotation marks omitted); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (in a § 2254 case, holding that "[a] petitioner is not entitled to an evidentiary hearing . . . when his claims are . . . contentions that in the face of the record are wholly incredible.").

(Respondent's Exhibit E, p. 1-2). The trial court ordered all counts to run concurrently for a total of thirty years' imprisonment in the Department of Corrections.

On September 11, 2014, Schallon filed this Motion seeking relief based upon the following grounds:

(1)     The trial court committed error when it denied Schallon's motion for a mistrial;

(2)     Schallon's appellate attorney was ineffective for failing to raise some claims on appeal.

Both claims were presented to the Missouri Court of Appeals, which denied relief.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]n a § 2254 habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995). "[A]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "'A state court's decision is contrary to ... clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision ... and nevertheless

arrives at a [different] result.'" *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). The Supreme Court has emphasized the phrase "Federal law, as determined by the Supreme Court," refers to "the holdings, as opposed to the dicta, of this Court's decisions," and has cautioned that § 2254(d)(1) "restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. A State court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. A State court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

## DISCUSSION

### I. Denial of Motion for Mistrial

Schallon alleges that the trial court committed error by refusing to grant his motion for a mistrial. (ECF No. 1 at 5). Schallon contends that the mistrial should have been granted because the state allegedly failed to comply with the discovery order when it did not disclose an inculpatory statement made by Schallon, and a witness testified about the statement at trial.

The Missouri Court of Appeals considered Schallon's argument and denied relief holding:

> In his first point on appeal, Schallon asserts that the trial court abused its discretion in overruling his request for a mistrial after Victim testified to an inculpatory statement made by Schallon that was not disclosed to the defense. We disagree.
>
> The decision whether to impose a sanction, including mistrial, for noncompliance with discovery rules rest within the "sound discretion" of the trial court. *State v. Wallace*, 43 S.W.3d 398, 402 (Mo.App. E.D.2001). We review a trial

court's decision for abuse of discretion, and will reverse only when there is a reasonable likelihood that the discovery violation affected the result of the trial. *Id.* at 402–03.

The trial court here did not abuse its discretion in denying a mistrial, because there was no reasonable likelihood that Victim's testimony affected the result of the trial. *Id.* The court ordered the jury to disregard Schallon's statement made during a confrontation with Victim's boyfriend in which he suggested his guilt by saying, "Please take a shot at me. I deserve it." However, the record also included both Schallon's confession of guilt to police, which was admitted without objection, and a letter Schallon wrote to Victim in which he apologized for his "inappropriate behavior." Further, Schallon's confession to the police corroborated Victim's properly admitted testimony describing Schallon's years of abuse.

Although his statement saying he deserved to be hit should have been disclosed to the defense before trial in accordance with the discovery order, the statement was cumulative to properly admitted evidence and there was no prejudice to Schallon. *State v. Edwards,* 116 S.W.3d 511, 534–35 (Mo. banc 2003) (when statement in violation of discovery rules was cumulative to similar statements already in record, its admission did not prejudice defendant; thus, court's order for jury to disregard statement was reasonable sanction). Because the statement did not affect the result of the trial, the trial court did not abuse its discretion in ordering the jury to disregard the statement rather than granting a mistrial. *Id.*

Point denied.

*State v. Schallon*, 341 S.W.3d 795, 798–99 (Mo. Ct. App. 2011).

The Court holds that Schallon has not demonstrated, by clear and convincing evidence, that the presumptively correct determination by the Missouri Court of Appeals is not reasonable and not entitled to deference. 28 U.S.C. §2254(e)(1).

First, to the extent that Schallon complains about the admissibility of his inculpatory statement, such state evidentiary law issues are not reviewable by this Court. State evidence law claims are not reviewable by this Court. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"). If Schallon's claims that his inculpatory statement should not have been admitted because it was a

violation of the discovery order and the Judge should have granted a mistrial, then such claim is not reviewable in a federal habeas action because it raises only state law questions.

Second, even if this issue is reviewable in federal habeas action, then Schallon is not entitled to relief. As noted by the Missouri Court of Appeals, the complained of statement was cumulative because the jury heard Schallon's confession to the police and heard about the so-called apology letter Schallon wrote to his victim. The trial court also instructed the jury to disregard the statement. *See United States v. Urick*, 431 F.3d 300, 304 (8th Cir. 2005) (quoting *United States v. Coleman,* 349 F.3d 1077, 1087 (8th Cir.2003) (quoting *United States v. Muza,* 788 F.2d 1309, 1312 (8th Cir.1986)) (the admission of a prejudicial statement is "'ordinarily cured by striking the testimony and instructing the jury to disregard the remark.'"). The Court defers to that the Missouri Court of Appeals' findings, determined that Schallon's claim is meritless, and denies relief on this ground.

## II. Ineffective Appellate Counsel

Schallon argues that appellate counsel was ineffective because appellate counsel did not raise sufficiency of the evidence claims based upon what Schallon described as "a mistaken belief."

To support an ineffective assistance of counsel claim, a convicted movant must first show "that his counsel's performance was deficient, and that he suffered prejudice as a result." *Paul v. United States*, 534 F.3d 832, 836 (8th Cir. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The movant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Malcom v. Houston*, 518 F.3d 624, 626 (8th Cir. 2008). A reasonable probability is less than "more likely than not," *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), but more than a possibility. *White v. Roper*, 416 F.3d 728, 732 (8th Cir. 2005).

A reasonable probability "is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense." *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (citations omitted).

The Court holds that the opinion of the Missouri Court of Appeals did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or result in a decision that was based on an unreasonable determination of the facts in light of the evidence.

The Court of Appeals held as follows:

> Following adjudication of his direct appeal, the movant sought post-conviction relief on five bases. He asserted that appellate counsel was ineffective for failing to challenge on direct appeal the sufficiency of the evidence on 12 counts of second-degree statutory sodomy. He claimed that trial counsel was ineffective for failing to object to an incorrect definition of "deviate sexual intercourse" in the verdict-directing instructions for all 15 counts of second-degree statutory sodomy, for failing to request a lesser-included offense instruction for one of the counts of second-degree statutory sodomy, and for failing to move to dismiss 22 of the various charges based on the statute of limitations. The movant also claimed that the written sentence and judgment contained multiple clerical errors.
>
> The motion court conducted an evidentiary hearing at which appellate counsel testified. Appellate counsel summarized her actions in preparing the brief, including compiling the statutes in effect at the time of each offense. She stated, however, that "without having my file here, I don't know if I can fully answer the question [about preparing the brief] but those [things] are what I remember." She observed that the movant's brief took her longer to prepare than five average appeals combined. After refreshing her recollection with the brief, appellate counsel was able to summarize the points raised on direct appeal. She recalled, after reviewing this Court's opinion, that the State conceded reversible error on three of her four points, and that this Court granted relief on those issues.
>
> Post-conviction counsel allowed appellate counsel to review the file briefly before the hearing, but denied her the opportunity to have all of her notes before her while she testified. Appellate counsel stated that she reviewed every count, took notes on each, and made some determination about whether to include them in the

direct appeal. However, she could not remember precisely what that determination was with regard to the 12 counts at issue here. She stated three times that she could only speculate.

In an offer of proof, post-conviction counsel stated that she gave appellate counsel the opportunity to review the file more than two months earlier, and again immediately before the hearing. Post-conviction counsel acknowledged that she brought to the hearing only some of appellate counsel's notes.

In its order, the motion court observed that post-conviction counsel would not allow appellate counsel to consult her file from the appeal, including her notes made during preparation of the brief, and that appellate counsel "was not able to recall and provide probative answers regarding this claim." The motion court declined to find appellate counsel ineffective when post-conviction counsel "would not permit her to provide proper answers regarding her handling of the appeal." The motion court also noted that the evidence at trial would allow the jury to infer that the movant's conduct in connection with these offenses involved more than touching and that penetration occurred.

\*\*\*

The movant appeals only the motion court's denial of relief for his claim of ineffective assistance of appellate counsel. Our review of a motion court's denial of a Rule 29.15 motion for post-conviction relief is limited to a determination of whether the findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Johnson v. State,* 388 S.W.3d 159, 162–63 (Mo. banc 2012); *Davidson v. State,* 308 S.W.3d 311, 316 (Mo.App. E.D.2010). A motion court's findings and conclusions are clearly erroneous only if, after a full review of the record, this Court is left with a definite and firm impression that a mistake has been made. *Johnson,* 388 S.W.3d at 163; *Davidson,* 308 S.W.3d at 316.

The movant alleges ineffective assistance of appellate counsel. To prevail, the movant must establish that counsel failed to raise a claim of error that was so obvious that a competent and effective attorney would have recognized and asserted it. *Tisius v. State,* 183 S.W.3d 207, 215 (Mo. banc 2006). The alleged error must have been sufficiently serious so as to create a reasonable probability that, had it been raised, the outcome of the appeal would have been different. *Id.* The movant has the burden to prove a claim for post-conviction relief by a preponderance of the evidence. Rule 29.15(i); *Holman v. State,* 88 S.W.3d 105, 109 (Mo.App. E.D.2002). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [movant] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 110 (quoting *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Appellate counsel has no obligation to present every issue asserted in the motion for new trial when she makes a strategic decision to cull some arguments in favor of others. *Id.*

In the 12 counts at issue here, the State charged the movant with committing second-degree statutory sodomy by touching the victim's vagina with his hand between August 7, 1996 and August 6, 1999, when the victim was between the ages of 14 and 16. Section 566.064.1 at that time provided that "[a] person commits the crime of statutory sodomy in the second degree if being twenty-one years of age or older, he has deviate sexual intercourse with another person who is less than seventeen years of age." During this time, "deviate sexual intercourse" meant "any act involving the genitals of one person and the mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person." Section 566.010(1).

The movant argues that the statute in effect at the time of the charged offenses did not define "deviate sexual intercourse" to include hand-to-genital contact that did not result in penetration. Because "deviate sexual intercourse" is an essential element of second-degree statutory sodomy, contact that at the time in question did not meet the statutory definition of "deviate sexual intercourse" could not constitute second-degree statutory sodomy. The movant contends that the evidence was insufficient to support his conviction of 12 of the counts of second-degree statutory sodomy. Appellate counsel did not raise this issue on direct appeal, and the movant asserts that appellate counsel was thus ineffective.

When faced with a challenge to the sufficiency of the evidence, we accept as true all evidence favorable to the State, including all favorable inferences drawn from the evidence, and we disregard all evidence and inferences to the contrary. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993). We limit our review to determining whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *Id.* The motion court ruled only "that a submissible case likely can be made, or was made, as to these counts." This ruling does not adequately address the question of submissibility. We have reviewed the evidence to determine whether sufficient evidence exists to support the movant's convictions for the 12 counts of second-degree statutory sodomy at issue here.

The victim testified to numerous incidents when the movant touched her vagina with his fingers. She described awakening at night to find the movant's fingers already in her vagina. Sergeant Owens testified that the movant admitted putting his finger inside the victim's vagina, and abusing the victim on a daily basis from the time she was eight years old until she left home at age 16. The movant told Sergeant Owens that abuse occurred inside the house, both in the living room and the victim's bedroom, in his car parked on the street, in his car in the garage, and in the park, locations that corresponded to the victim's account of specific incidents.

Viewing the evidence and inferences therefrom in the light most favorable to the verdict, we hold that the evidence was sufficient to support the movant's conviction of each of the 12 counts of second-degree statutory sodomy at issue. Consequently, appellate counsel could not be ineffective for failing to challenge the sufficiency of the evidence on these counts on direct appeal.

Furthermore, the motion court conducted an evidentiary hearing at which appellate counsel testified. Appellate counsel characterized her review of the file shortly before the hearing as "hasty at best." She explained that she had asked to have all of her notes when she testified, and she repeated that request while on the stand. She stated that post-conviction counsel had not warned her that she would not have all her notes available at the evidentiary hearing. In an offer of proof, post-conviction counsel acknowledged that she brought to the hearing only some of appellate counsel's notes.

Appellate counsel could not remember the details of the case with any precision. When asked why she did not challenge the sufficiency of the evidence on the 12 counts at issue, appellate counsel stated:

> I remember specifically, and my notes reflect—looking at each and every count.... So I took notes on the issue and I did not raise them [sic]. I must have made some determination, but, no, I do not recall what that determination was exactly....

She stated three times that she was speculating about her decisions and reasoning with regard to the direct appeal, and she stated that she could not answer some questions without having access to her notes. Appellate counsel explained that she had numerous discussions with the movant and his significant other about which issues to address on appeal. But without her notes, appellate counsel stated that she could not testify whether they discussed the specific issue involved here.

We again observe that the movant was convicted of a total of 45 counts involving six different sexual offenses committed over an eight-year period, during which time some of the relevant statutes changed multiple times. Appellate counsel testified that, because of the complexity of the case, the movant's appeal took her longer to prepare than five average appeals combined. This Court issued its opinion on the direct appeal 16 months before the evidentiary hearing; thus, appellate counsel worked on the appeal long before she testified without benefit of her complete file and notes at the evidentiary hearing.

We evaluate the challenged conduct from appellate counsel's perspective at the time. *Holman,* 88 S.W.3d at 110. The game-playing in which post-conviction counsel engaged impairs our review. Post-conviction counsel denied appellate counsel access to her complete file and notes, which would have allowed appellate counsel to meaningfully testify to her handling of the direct appeal—her reasoning, decisions, and strategy-at the time she prepared the appeal. Without this critical information, appellate counsel was forced to speculate. Forcing appellate counsel to speculate about her reasoning and decisions robbed her testimony of its probative force, leaving the motion court and this Court with nothing substantial to evaluate. The movant bears the burden to rebut the presumption that counsel provided reasonable professional assistance, and that counsel made all decisions as part of her reasonable strategy. *Id.* On the record before us, this presumption is not overcome. Appellate counsel may have reasonably decided not to challenge certain

> counts that had no effect on the overall sentence the movant faced when the evidence on those counts was not clearly insufficient.

*Schallon v. State*, 435 S.W.3d 120, 122–26 (Mo. Ct. App. 2014)

The Court of Appeals determined that Schallon was not prejudiced by his appellate counsel's performance, particularly given the amount of evidence against him. Also, Schallon was not prejudiced by appellate counsel's performance, given the presumption of reasonableness in *Strickland*. The Court holds that Schallon provided no material that demonstrates that the Missouri Court of Appeals' decision was unreasonable.

Schallon has not shown a reasonably probability that the result of the proceeding would have been different and, therefore, the Court denies his habeas motion on this claim. *See Armstrong v. Kemna*, 534 F.3d 857, 866 (8th Cir. 2008) ("To demonstrate *Strickland* prejudice, Armstrong must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.") (internal citation omitted). "'Absent contrary evidence,' we assume that appellate counsel's failure to raise a claim was an exercise of "sound appellate strategy." *Roe v. Delo*, 160 F.3d 416, 418 (8th Cir. 1998) (quoting *Sidebottom v. Delo*, 46 F.3d 744, 759 (8th Cir. 1995)).

As noted by the appellate court, during the evidentiary hearing, appellate counsel testified only that she had difficulty recalling all of her specific reasons for not bringing that claim because she was not permitted her notes. The Court notes that the burden is on Schallon to prove that his appellate counsel's performance was deficient. Appellate counsel's mere failure, without her notes, to recall the basis for her decision is insufficient to meet the *Strickland* standard for deficient performance. Further, the Court holds that Schallon was not prejudiced because there was sufficient evidence to convict him. At trial, the victim testified about repeated and egregious

abuse that worsened over time. (Respondent's Exhibit A, at 197 (saying the abuse "progressed, it progressed worse"). The victim testified that when she was twelve years old she woke up to find Schallon's fingers were in her vagina. (Respondent's Exhibit A, at 197). The victim further testified that Schallon frequently rubbed all over her vagina with his fingers. (Respondent's Exhibit A, at 197-98). The victim discussed an incident, after she lost her virginity at age 14, when Schallon started to insert his fingers into her vagina. (Respondent's Exhibit A, at 198-200, 210-15). The police detective who interviewed Schallon testified that Schallon admitted that the victim allowed him to put his fingers into her vagina. (Respondent's Exhibit A at 416-17). Schallon told the police detective that the abuse happened so many times that he could not estimate the number of incidents and that some of the abusive behavior had been repeated every day. (Respondent's Exhibit A, at 418-19). Based upon this cumulative testimony, the Court holds that the evidence was sufficient to sustain his convictions. Thus, the Court holds there was sufficient evidence and Schallon was not prejudiced by his appellate counsel's performance on appeal. The Court denies relief on this ground.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Kristen E. Schallon's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus By a Person in State Custody (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834, 119 S. Ct. 89, 142 L. Ed. 2d 70 (1998).

A judgment dismissing this case is filed herewith.

Dated this 5th day of July, 2017.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE